UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DARRYL L. JONES,

    *Petitioner*,

vs.

BRIAN WILLIAMS, SR., *et al.*,

    *Respondents*.

Case No. 2:13-cv-02235-JAD-GWF

**ORDER**

    This habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner's application (Doc. 1) to proceed *in forma pauperis*, motion (Doc. 2) for appointment of counsel, and motion (Doc. 3) for a status check, as well as for initial review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The court finds that petitioner is unable to pay the filing fee, and the pauper application therefore will be granted.

    On petitioner's motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

    The Court does not find that the interests of justice require that counsel be appointed in this

1  case.  While petitioner presents a number of claims and faces a lengthy aggregate sentence, he has
2  demonstrated an adequate ability in his filings to articulate the claims presented *pro se*.  From a
3  preliminary review, it does not appear at this juncture that an evidentiary hearing necessarily will be
4  required as to either the merits or a procedural defense.  While almost any lay litigant perhaps would
5  be better served by the appointment of counsel, that is not the standard for appointment.  The
6  conclusory allegations in the form motion filed do not lead to a contrary finding by the court.  The
7  motion therefore will be denied.

8      The motion for a status check will be denied, as the proper manner to seek a status check
9  under the local rules is by letter sent sixty days after a matter has been under submission.

10      The court has reviewed the petition, and it now directs a response.

11      Accordingly,

12      **IT THEREFORE IS ORDERED** that petitioner's application (Doc. 1) to proceed *in forma*
13  *pauperis* is **GRANTED** and that petitioner shall not be required to pay the filing fee.

14      **IT FURTHER IS ORDERED** that the Clerk of Court shall file the petition and shall
15  informally electronically serve the Nevada Attorney General with a copy of the petition and this
16  order, along with regenerated notices of electronic filing of the remaining filings herein.

17      **IT FURTHER IS ORDERED** that petitioner's motion (Doc. 2) for appointment of counsel
18  is **DENIED**.

19      **IT FURTHER IS ORDERED** that petitioner's motion (Doc. 3) for a status check is
20  **DENIED**.

21      **IT FURTHER IS ORDERED** that, taking into account the large number of claims,
22  respondents shall have **ninety (90) days** from entry of this order within which to respond to the
23  petition.  Any response filed shall comply with the remaining provisions below, which are tailored
24  to this particular case based upon the court's screening of the matter and which are entered pursuant
25  to Habeas Rule 4.

26      **IT FURTHER IS ORDERED** that any procedural defenses raised by respondents in this
27  case shall be raised together in a single consolidated motion to dismiss.  In other words, the Court
28  does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple

successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss <u>not</u> in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT FURTHER IS ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT FURTHER IS ORDERED** that respondents shall file a set of state court record exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed *infra*.

**IT FURTHER IS ORDERED** that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

**IT FURTHER IS ORDERED** that counsel additionally shall send a hard copy of all exhibits filed to, for this case, the **Reno Clerk's Office**.

**IT FURTHER IS ORDERED** that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to mail a reply or response to the Clerk of Court for filing. This deadline shall override any shorter deadline pursuant to a subsequent notice or order under the *Klingele* decision.

**IT FURTHER IS ORDERED** that, from this point forward, petitioner shall serve upon

respondents or, if an appearance has been entered by counsel, upon the individual deputy attorney general identified in the notice of appearance, at the address stated therein, a copy of every pleading, motion or other document submitted for consideration by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to respondents or counsel for respondents.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the clerk, and any paper received by a district judge, magistrate judge or the clerk that fails to include an appropriate certificate of service.

**IT FURTHER IS ORDERED** that all requests for relief must be presented by a motion satisfying the requirements of Rule 7(b) of the Federal Rules of Civil Procedure, with the exception of a letter noting that a matter has been under submission for more than sixty days.  The court and the clerk do not respond to letters and do not take action based upon letters.  Further, neither can provide legal advice or instruction.

DATED:  August 1, 2014

                                                                     _____
                                                                     JENNIFER A. DORSEY
                                                                     United States District Judge