UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Darryl L. Jones,<br><br>    Petitioner,<br><br>v.<br><br>Brian Williams, et al.,<br><br>    Respondents. | 2:13-cv-02235-JAD-GWF<br><br>**Order**<br>[# 8, 19, 20, 23, 26, 27] |

**Introduction**

This habeas corpus action arises from Darryl L. Jones's 2010 conviction in Nevada state court for various property, identity, and dishonesty-related crimes. Respondents move to dismiss the petition, arguing that the grounds Jones asserts are unexhausted and not cognizable.[1] Jones moves to stay proceedings while he exhausts his claims and for various other relief.[2] The court grants the motion to dismiss in part and denies it in part after finding several of Jones's grounds unexhausted in state court. Jones has until July 3, 2015, to make an election regarding those unexhausted claims. His motions to stay and for various other relief are denied.

**Background**

On January 21, 2009, Darryl L. Jones was indicted in the Eighth Judicial District Court on five counts of burglary, five counts of forgery, one count of attempted theft, four counts of theft, five counts of obtaining and using the personal identification information of another, two counts of grand larceny, two counts of obtaining property under false pretenses, and two counts of possession or sale

---

[1] Doc. 8.

[2] Docs. 19, 20, 23, 26, 27.

of document or personal identifying information to establish false status or identity. Exhibit[3] 3.

Jones moved to suppress "fruits of illegal search." Exhibit 8. On October 14, 2009, the court held a hearing and denied that motion. Exhibit 12. Jones then filed a notice of appeal, which the Nevada Supreme Court dismissed for lack of jurisdiction. Exhibits 13, 27.

On November 13, 2009, the State dismissed Count 19, a charge of possession or sale of document to establish false status or identity, and a jury found Jones guilty on all the remaining charges. Exhibits 22, 24. Jones filed a motion for new trial, which was denied. Exhibits 25, 27.

On January 20, 2010, the court sentenced Jones as follows: on Count 1, burglary, to 24-60 months; on Count 2, forgery, to 12-32 months; on Count 3, attempted theft, to 12-48 months; on Count 4, obtaining and using the personal identifying information of another, to 48-120 months; on Count 5, burglary, to 24-60 months; on Count 6, forgery, to 12-32 months; on Count 7, theft, to 24-60 months; on Count 8, obtaining and using the personal identifying information of another, to 48-120 months; on Count 9, burglary, to 24-60 months; on Count 10, forgery, to 12-32 months; on Count 11, theft, to 24-60 months; on Count 12, obtaining and using the personal identifying information of another, to 48-120 months; on Count 13, burglary, to 24-60 months; on Count 14, forgery, to 12-32 months consecutive; on Count 15, obtaining property under false pretenses, to 12-48 months; on Count 16, theft, to 24-60 months; on Count 17, grand larceny, to 24-60 months; on Count 18, obtaining and using the personal identifying information of another, to 48-120 months; on Count 20, burglary, to 24-60 months; on Count 21, forgery, to 12-32 months; on Count 22, obtaining property under false pretenses, to 12-48 months; on Count 23, theft, to 24-60 months; on Count 24, grand larceny, to 24-60 months; on Count 25, obtaining and using the personal identifying information of another, to 48-120 months; and on Count 26, possession or sale of document to establish false status or identity, to 12-48 months; all counts to run consecutively. Exhibit 30. On February 2, 2010, the court filed the judgment of conviction. Exhibit 31.

Jones filed a notice of appeal. Exhibit 32. On November 5, 2010, the Nevada Supreme

---

[3] The exhibits referred to in this order were filed by respondents and are located in the record at Docs. 9, 10, 11, 12, 13 and 14.

Court reversed the conviction on Counts 15 and 22 (obtaining property under false pretenses) and on Counts 16 and 23 (theft) as impermissibly redundant, but affirmed the conviction on the remaining counts. Exhibit 40. Remittitur issued December 29, 2010. Exhibit 45. The state district court filed the amended judgment of conviction on December 8, 2010. Exhibit 43.

On December 21, 2010, Jones filed a petition for writ of habeas corpus (post-conviction) in the state district court. Exhibit 44. Jones filed an amended habeas petition on January 24, 2011, and a supplemental petition on February 3, 2011. Exhibits 47, 49.

On March 7, 2011, the state district court held a hearing and found Jones's petition exceeded twenty pages. Exhibit 1. Jones filed a notice of appeal. Exhibit 57. On March 24, 2011, Jones filed a petition for writ of mandamus in the Nevada Supreme Court, in which he alleged the state district court erred when it vacated a hearing on the state habeas petition because of the page length. Exhibit 56. On April 26, 2011, the Nevada Supreme Court declined to exercise jurisdiction. Exhibit 63. Jones also filed a motion to set aside the state district court's order, which the district court denied. Exhibits 70, 75. On July 13, 2011, the state district court entered a written order vacating the hearing on the state habeas petition because the petition was unreasonably and excessively lengthy and contained grounds that were not relevant, discernable or cognizable. Exhibit 78. In that order, the state district court declared Jones to be a vexatious litigant. *Id*. Jones filed a second notice of appeal. Exhibit 80.

On September 14, 2011, the Nevada Supreme Court reversed and remanded the case to the state district court. Exhibit 83. The court found the state district court's July 13, 2011, order vacating the state habeas petition was the functional equivalent of an order dismissing the petition without prejudice, which was not permitted under Nevada procedural rules, and the court ruled that there was no applicable page limit in the Nevada rules. *Id*. Remittitur issued on October 11, 2011. Exhibit 86.

On February 16, 2012, Jones filed, in the state district court, a third supplemental habeas petition. On April 11, 2012, the Nevada Supreme Court denied Jones's second appeal of the July 13, 2011, order, citing the September 14, 2011, decision and finding it lacked jurisdiction. Exhibit 94.

1  The state district court held an evidentiary hearing on Jones's petitions on July 11, 2012, and denied them with written findings of fact and conclusions of law on August 30, 2012. Exhibits 98, 107.

Jones appealed. Exhibits 99, 100. On March 14, 2013, the Nevada Supreme Court affirmed the denial of the state habeas petition. Exhibit 118. Remittitur issued April 8, 2013. Exhibit 119.

On April 11, 2013, Jones filed a motion to dismiss for lack of jurisdiction, which the state district court denied. Exhibits 120, 121, 123. Jones appealed. Exhibit 124. On June 24, 2013, the Nevada Supreme Court dismissed the appeal for lack of jurisdiction. Exhibit 130. Remittitur issued on July 19, 2013. Exhibit 131.

Finally, on June 3, 2013, Jones filed a petition for writ of mandamus in the Nevada Supreme Court, challenging the state district court's declaration that Jones is a vexatious litigant. Exhibit 128. The court granted the petition and issued a writ of mandamus on July 3, 2014. Exhibit 136. Remittitur issued on July 28, 2014. Exhibit 138.

On August 23, 2011, Jones mailed to this court a federal petition for writ of habeas corpus, initiating Case No. 2:11-cv-1453-JCM-PAL. The court granted the respondents' motion to dismiss that action because the petition contained only unexhausted claims. Doc. 22 in Case No. 2:11-cv-1453-JCM-PAL. Both this court and the Ninth Circuit Court of Appeals denied issuance of a certificate of appealability. *Id.*; Doc. 35 in Case No. 2:11-cv-1453-JCM-PAL.

Jones then initiated this case on or about November 18, 2013. Doc. 4. On October 30, 2014, respondents filed their motion to dismiss, contending that all of Jones's claims are unexhausted in state court and that several are not cognizable in a federal habeas action. Doc. 8.

On March 30, 2015, apparently in response to the motion to dismiss, Jones filed a motion for stay. Doc. 23. Respondents filed an opposition to the motion for stay on April 9, 2015. Doc. 25. On May 11, 2015, Jones filed a second motion for stay. Doc. 27. On May 11, 2015, Jones also filed what the court understands to be a memorandum of points and authorities in support of his motion for stay. Doc. 28. Respondents filed a response to Jones's May 11, 2015, filings on May 28, 2015. Docs. 30, 31.

## Discussion

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if the petitioner describes to the court the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

Jones asserts that he exhausted several of his claims in his petition for writ of mandamus, which he filed in the Nevada Supreme Court in 2011. *See, e.g.*, Petition for Writ of Habeas Corpus at 10. That, however, was a procedurally defective means of exhausting this claim. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (submitting claim to state's highest court in procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation and exhaustion of state remedies); *Casey v. Moore*, 386 F.3d 896 (9th Cir. 2004). Jones did not properly exhaust any of his claims in his mandamus petition.

Also, Jones asserts that he exhausted several of his claims in his motion to set aside the state district court's decision, which he filed in the state district court in 2011. *See, e.g.*, Petition for Writ of Habeas Corpus at 10. But Jones did not appeal from the denial of that motion. Jones did not exhaust any of his claims in the proceedings regarding his motion to set aside the state district court's decision.

The court finds that the question of Jones's exhaustion of claims in state court is controlled by the claims that Jones asserted on his direct appeal (*see* Appellant's Fast Track Statement, Exhibit 37) and in the appeal in his state habeas action (*see* Fast Track Statement, Exhibit 111, and Fast Track Reply, Exhibit 115). The court now considers each ground and whether it was exhausted in those state proceedings.

### A.     Ground 1

In Ground 1 of his petition, Jones claims that his trial counsel was ineffective for failing to object to lack of a jury instruction, or for failing to propose a jury instruction, regarding the definition of "personal information." *See* Petition for Writ of Habeas Corpus (Doc. 4) at 3.[4] Jones exhausted this claim in the appeal in his state habeas action. *See* Fast Track Statement, Exhibit 111 at 14-15. Ground 1 is exhausted.

### B.     Ground 2

In Ground 2, Jones claims that his trial counsel was ineffective for failing to object to lack of a jury instruction, or for failing to propose a jury instruction, regarding his theory of the case: he claims his counsel should have proposed a jury instruction "that addressed the fact the bank employee provided the account number to the counter check." *See* Petition for Writ of Habeas Corpus at 5. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 2 is unexhausted.

### C.     Ground 3

In Ground 3, Jones challenges the constitutionality of NRS 205.463, the statute regarding the crime of obtaining and using personal identifying information of another person. *See* Petition for Writ of Habeas Corpus at 7. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or on the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. In the appeal in his state habeas action, Jones did argue that his trial counsel was ineffective for failing to challenge NRS 205.463 as unconstitutionally vague (*see* Exhibit 111 at 15), but that is a different claim. Ground 3 is unexhausted.

### D.     Ground 4

In Ground 4, Jones claims that his trial counsel was ineffective for failing to challenge his alleged illegal detention, and the search that was conducted in conjunction with that detention. *See*

---

[4] The page numbering used in this order for Jones's habeas petition is the ECF page numbering.

Petition for Writ of Habeas Corpus at 9. Jones exhausted this claim in the appeal in his state habeas action. *See* Fast Track Statement, Exhibit 111 at 13-14. Ground 4 is exhausted.

**E.     Ground 5**

In Ground 5, Jones claims that his trial counsel was ineffective for failing to subject to meaningful adversarial testing a particular factual issue: "that car dealership exposed the personal identification information of James P. Carney of Las Vegas, Nevada, not the petitioner." *See* Petition for Writ of Habeas Corpus at 11. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 5 is unexhausted.

**F.     Ground 6**

In Ground 6, Jones claims that his trial counsel was ineffective for failing to investigate or interview "James P. Carney of California." *See* Petition for Writ of Habeas Corpus at 13-14. Jones exhausted this claim in the appeal in his state habeas action. *See* Fast Track Statement, Exhibit 111 at 15-16. Ground 6 is exhausted.

**G.     Ground 7**

In Ground 7, as the court understands it, Jones claims that his trial counsel was ineffective for failing to subpoena "James P. Carney of California" in order to bring him to trial to testify. *See* Petition for Writ of Habeas Corpus at 16. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 7 is unexhausted.

**H.     Ground 8**

In Ground 8, Jones claims that his trial counsel was ineffective for failing to challenge evidence presented to the grand jury. *See* Petition for Writ of Habeas Corpus at 18. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 8 is unexhausted.

### I. Ground 9

In Ground 9, Jones challenges the constitutionality of NRS 205.060, a statute regarding the crime of burglary. *See* Petition for Writ of Habeas Corpus at 20. The court finds that Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 9 is unexhausted.

### J. Ground 10

In Ground 10, Jones claims that his appellate counsel was ineffective, on his direct appeal, for failing to demonstrate that a juror was exposed to prejudicial extrinsic evidence. *See* Petition for Writ of Habeas Corpus at 22. The court finds that Jones did not assert this claim before the Nevada Supreme Court in the appeal in his state habeas action. *See* Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Jones made no claims of ineffective assistance of appellate counsel. Ground 10 is unexhausted.

### K. Ground 11

In Ground 11, as the court reads it, Jones claims that his trial counsel was ineffective for failing to properly challenge the legality of the search that occurred in conjunction with his detention. *See* Petition for Writ of Habeas Corpus at 24. Jones exhausted this claim in the appeal in his state habeas action. *See* Exhibit 111 at 13-14. Ground 11 is exhausted.

### L. Ground 12

In Ground 12, Jones claims that his appellate counsel was ineffective for failing to bring before the Nevada Supreme Court a claim regarding the "race based jury panel" in his case, and for failing to challenge the Nevada Supreme Court's "fast track appeal process." *See* Petition for Writ of Habeas Corpus at 26. Jones did not assert this claim before the Nevada Supreme Court in the appeal in his state habeas action. *See* Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Jones made no claims of ineffective assistance of appellate counsel. Ground 12 is unexhausted.

### M. Ground 13

In Ground 13, Jones claims that his trial counsel was ineffective for failing to challenge the

seizure of evidence taken from him by a bank employee. *See* Petition for Writ of Habeas Corpus, p. 28. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 13 is unexhausted.

**N.     Ground 14**

In Ground 14, Jones claims that his trial counsel was ineffective for failing to investigate bank policies. *See* Petition for Writ of Habeas Corpus at 30. The court finds that Jones exhausted this claim in his state habeas action. *See* Fast Track Statement, Exhibit 111 at 16. Ground 14 is exhausted.

**O.     Ground 15**

In Ground 15 (as in Ground 3), Jones challenges the constitutionality of NRS 205.463, the statute regarding the crime of obtaining and using personal identifying information of another person. *See* Petition for Writ of Habeas Corpus at 32. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or on the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. In the appeal in his state habeas action, Jones did argue that his trial counsel was ineffective for failing to challenge NRS 205.463 as unconstitutionally vague (*see* Exhibit 111 at 15), but that is a different claim. Ground 15 is unexhausted.

**P.     Ground 16**

In Ground 16, Jones claims that his appellate counsel was ineffective for failing to make an argument regarding Count 19. *See* Petition for Writ of Habeas Corpus at 34. Jones did not assert this claim before the Nevada Supreme Court in the appeal in his state habeas action. *See* Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Jones made no claims of ineffective assistance of appellate counsel. Ground 16 is unexhausted.

**Q.     Ground 17**

In Ground 17, Jones claims, "IAC trial counsel failed to have State establish a complainant who notified police and lodged a complaint against petitioner establish proof of accusation of criminal activity and to establish the fact as to whether State fulfilled burden of consent." *See*

Petition for Writ of Habeas Corpus at 36. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 17 is unexhausted.

### R.     Ground 18

In Ground 18, Jones claims: "Eighth Judicial District Court's abuse of discretion when it allowed State to conceal law enforcement testimony that would expose material misconduct of law enforcement." *See* Petition for Writ of Habeas Corpus at 38. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 18 is unexhausted.

### S.     Ground 19

In Ground 19, Jones claims that the "Eighth Judicial District Court abused its discretion when it exercised that discretion by permitting evidence to be used and introduced absent law enforcement testimony under Sixth and Fourteenth Amend." *See* Petition for Writ of Habeas Corpus at 40. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 19 is unexhausted.

### T.     Ground 20

In Ground 20, Jones claims prosecutorial misconduct involving the testimony of Lisa Fishman. *See* Petition for Writ of Habeas Corpus at 42. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 20 is unexhausted.

### U.     Ground 21

Ground 21 is a claim of ineffective assistance of trial counsel. *See* Petition for Writ of Habeas Corpus at 42. Jones claims that his counsel was ineffective for permitting "this matter to proceed knowing that this matter begins at Spanish Oak Branch of bank." *See id*. He also claims

that his counsel was ineffective for failing to challenge other statements made, and evidence offered, by the prosecution. *See id.* Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 21 is unexhausted.

### V.  Ground 22

In Ground 22, Jones claims that his trial and appellate counsel were ineffective for failing to properly challenge the search that occurred in conjunction with his arrest. *See* Petition for Writ of Habeas Corpus at 46. With regard to his trial counsel, Jones exhausted this claim in the appeal in his state habeas action. *See* Fast Track Statement, Exhibit 111 at 13-14. However, with regard to his appellate counsel, this claim is unexhausted; Jones made no claims of ineffective assistance of appellate counsel in state court. *See* Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 22 is partially exhausted and partially unexhausted.

### W.  Ground 23

In Ground 23, Jones claims that the trial court erred in allowing certain items into evidence. *See* Petition for Writ of Habeas Corpus at 48. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 23 is unexhausted.

### X.  Ground 24

In Ground 24, Jones claims prosecutorial misconduct involving the testimony of Ashley Mates. *See* Petition for Writ of Habeas Corpus at 50. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 24 is unexhausted.

### Y.  Ground 25

In Ground 25, Jones claims "Ineffective assistance of counsel when counsel knew prior to trial, that [an] employee of Community Bank of Nevada had been documented . . . mailing at least

five (5) different accounts to someone in California who was arrested with account information." *See* Petition for Writ of Habeas Corpus at 52. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 25 is unexhausted.

**Z.     Ground 26**

In Ground 26, Jones claims "Ineffective assistance of counsel both trial and appellate for failure to challenge information off of California Identification D1169121." *See* Petition for Writ of Habeas Corpus at 54. Jones also complains in Ground 26 of his counsel's failure to subpoena E. Estrada and Detectives M. Lynch and H. Demetres. *See id.* Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 26 is unexhausted.

**AA.    Ground 27**

In Ground 27, Jones claims that his trial counsel was ineffective for failing to properly challenge the search that occurred in conjunction with his arrest. *See* Petition for Writ of Habeas Corpus at 56. Jones exhausted this claim in the appeal in his state habeas action. *See* Fast Track Statement, Exhibit 111 at 13-14. Ground 27 is exhausted.

**BB.    Ground 28**

In Ground 28, Jones claims prosecutorial misconduct involving the testimony of Ashley Mates. *See* Petition for Writ of Habeas Corpus at 58. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 28 is unexhausted.

**CC.    Ground 29**

In Ground 29, Jones claims: "Ineffective assistance of counsel when trial counsel failed to challenge and subpoena witnesses who made out of court representations that were used against petitioner." *See* Petition for Writ of Habeas Corpus at 60. Jones did not assert this claim before the

Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 29 is unexhausted.

**DD.   Ground 30**

In Ground 30, Jones asserts a claim of ineffective assistance of his appellate counsel, for failure "to establish in form of direct appeal a 'full appeal,' which would have permitted a full and fair appeal process." *See* Petition for Writ of Habeas Corpus at 62. This claim is unexhausted; Jones made no claims of ineffective assistance of appellate counsel in state court. *See* Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 30 is unexhausted.

**EE.   Ground 31**

In Ground 31, Jones claims ineffective assistance of his trial counsel for failure "to preserve the claim that Los Angeles Police was allowed to bring [an] unrelated felony that actually prejudiced the jury." *See* Petition for Writ of Habeas Corpus at 64. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 31 is unexhausted.

**FF.   Ground 32**

In Ground 32, Jones claims ineffective assistance of his trial counsel for failure "to object to State's use of evidence that's inadmissible." *See* Petition for Writ of Habeas Corpus at 66. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 32 is unexhausted.

**GG.   Ground 33**

In Ground 33, Jones claims ineffective assistance of his trial counsel for failure "to preserve the claim that at no time did the petitioner impersonate said James P. Carney of Las Vegas, Nevada." *See* Petition for Writ of Habeas Corpus at 68. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply,

Exhibit 115. Ground 33 is unexhausted.

**HH.    Ground 34**

In Ground 34, Jones claims ineffective assistance of his trial counsel for failure "to present a defense that discloses at no time did petitioner [attempt] to duplicate or forge the signature of James P. Carney of Las Vegas, Nevada." *See* Petition for Writ of Habeas Corpus at 70. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 34 is unexhausted.

**II.    Ground 35**

In Ground 35, Jones claims ineffective assistance of his trial counsel for failure "to make known personal identification issues that would distinguish James P. Carney of Los Angeles, Calif., from James P. Carney of Las Vegas, Nevada." *See* Petition for Writ of Habeas Corpus at 72. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 35 is unexhausted.

**JJ.    Ground 36**

In Ground 36, Jones claims that the "District [court] erred when it permitted the State to introduce a police officer from Los Angeles to come and attempt to raise an issue that was not charged in the indictment." *See* Petition for Writ of Habeas Corpus at 74. Jones also asserts a claim of ineffective assistance of counsel with respect to this evidence. *See id.* Jones did not assert either of these claims before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 36 is unexhausted.

**KK.    Ground 37**

In Ground 37, as this court reads it, Jones claims ineffective assistance of his trial counsel for failure to challenge Count 19 of the indictment. *See* Petition for Writ of Habeas Corpus at 76. Jones did not assert this claim before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit

111; Appellant's Fast Track Reply, Exhibit 115. Ground 37 is unexhausted.

### LL.   Ground 38

In Ground 38, Jones claims that the "District Court abused discretion when it permitted testimony State knew or should have known to be false testimony/perjury and that there was a reasonable likelihood that the false testimony could have affected the judgment of the jury." *See* Petition for Writ of Habeas Corpus at 78. Jones refers in this claim to the testimony of Ashley Mates. *See id.* Jones also asserts a claim of ineffective assistance of counsel with respect to Mates' testimony. *See id.* Jones did not assert these claims before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. *See* Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 38 is unexhausted.

### MM.   Ground 39

Finally, in Ground 39, Jones claims that his trial counsel was ineffective for failing "to subject State to a meaningful adversarial challenge when State knew there was misconduct involving bank employee Brittany McDaniel who [e-mailed] (5) five separate and distinct account to a Crystal Smith." *See* Petition for Writ of Habeas Corpus at 80. Jones also claims that the State concealed this matter from him. *See id.* Jones did not assert these claims before the Nevada Supreme Court on his direct appeal or in the appeal in his state habeas action. See Appellant's Fast Track Statement, Exhibit 37; Fast Track Statement, Exhibit 111; Appellant's Fast Track Reply, Exhibit 115. Ground 39 is unexhausted.

### Jones Must Now Make an Election

In summary, Jones's habeas petition is mixed: it contains both exhausted and unexhausted claims. Grounds 1, 4, 6, 11, 14, 22 (to the extent it claims alleged ineffective assistance of trial counsel), and 27 are exhausted; Grounds 2, 3, 5, 7, 8, 9, 10, 12, 13, 15,16, 17, 18, 19, 20, 21, 22 (to the extent it claims alleged ineffective assistance of appellate counsel), 23, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39 are unexhausted.

Because this is a mixed petition, Jones now has two options: (1) abandon the unexhausted claims and proceed on the remaining exhausted claims, or (2) voluntarily dismiss his entire petition

without prejudice. **Jones must file a declaration by July 3, 2015, notifying the court which option he will pursue.** Jones is warned that, if he does not make that election and notify the court of his choice within the time allowed, the court will dismiss his entire petition nominally "without prejudice" under the rule of *Rose v. Lundy*, 455 U.S. 509 (1982).

Jones is further warned that if this case is dismissed without prejudice, he may be barred by the statute of limitations from ever initiating any subsequent federal habeas corpus action. This is because—unless there is some form of tolling available to Jones that is not now apparent to the court from the record—the limitations period imposed by section 2244(d) has likely run out during the pendency of this federal habeas action. The filing of a federal habeas corpus petition does not toll the statute of limitations for future federal habeas actions. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).").

### Cognizability of Claims

Respondents argue in their motion to dismiss that several of Jones's claims are not cognizable in this action on account of the holding in *Stone v. Powell*, 428 U.S. 465 (1976). *See* Motion to Dismiss at 24-25. The court finds that this argument will be better addressed in conjunction with consideration of the merits of Jones's claims. Therefore, if and when respondents are called upon to answer Jones's claims on their merits, respondents may assert this argument in their answer, and the court will consider it at that time. For now, the motion to dismiss on this basis is denied without prejudice.

### Jones's Motion for Stay

The court now turns to Jones's motions. Jones has filed two requests for a stay that appear to request that this case be stayed while he exhausts his unexhausted claims in state court. *See* Motion to Stay Proceedings (Doc. 23); Motion for Stay and Abeyance (Doc. 27); Memorandum of Points and Authorities in Support of Motion for Stay and Abeyance (Doc. 28). Respondents oppose the requests (Docs. 25, 30, 31).

In *Rhines v. Weber*, the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> * * *
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Jones makes no showing of good cause for his failure to exhaust the claims found by this court to be unexhausted. The court need not reach the second and third parts of the *Rhines* analysis—whether the unexhausted claims are "plainly meritless" and whether Jones has engaged in intentionally dilatory litigation tactics—and the court declines to do so. Jones's motions for a stay fail because he does not show good cause for his failure to exhaust his claims, and the court will deny his motion for stay for that reason.

Jones's remaining motions (Docs. 19, 20, 26) are denied because he has not demonstrated good cause for the relief he seeks in any of them.

### Conclusion

IT IS THEREFORE ORDERED that respondents' Motion to Dismiss Petition for Writ of Habeas Corpus **(Doc. 8) is GRANTED IN PART AND DENIED IN PART**. The court finds the following claims in Jones's habeas petition to be exhausted: Grounds 1, 4, 6, 11, 14, 22 (regarding alleged ineffective assistance of trial counsel), and 27. The court finds the following claims in Jones's habeas petition to be unexhausted: Grounds 2, 3, 5, 7, 8, 9, 10, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22 (regarding alleged ineffective assistance of appellate counsel), 23, 24, 25, 26, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39.

IT IS FURTHER ORDERED that, with respect to the unexhausted claims in his habeas petition, **petitioner must, no later than July 3, 2015, make an election and notify the court of his**

**election by filing either:** (1) a declaration stating that he wishes to abandon all the claims found by this court to be unexhausted, or (2) a declaration stating that he wishes to voluntarily dismiss his entire habeas petition without prejudice. If petitioner does not make that election within the time allowed, the court will dismiss his entire habeas petition pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

IT IS FURTHER ORDERED that petitioner's motions for stay **(Docs. 23, 27) are DENIED**.

IT IS FURTHER ORDERED that petitioner's Motion to Enlarge Time **(Doc. 19) is DENIED**.

IT IS FURTHER ORDERED that petitioner's Motion to Investigate **(Doc. 20) is DENIED**.

IT IS FURTHER ORDERED that petitioner's Motion to Make Complete Copy **(Doc. 26) is DENIED**.

Dated this 28th day of May, 2015.

_____
Jennifer A. Dorsey
United States District Judge