UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Darryl L. Jones,

    Petitioner

v.

Brian Williams, et al.,

    Respondents

2:13-cv-02235-JAD-GWF

**Order Denying Petition, Denying Certificate of Appealability, and Closing Case**

[ECF Nos. 4, 49]

Nevada state prisoner Darryl L. Jones brings this § 2254 petition to challenge his Nevada state conviction and sentence for burglary and related charges. I previously found all but seven of Jones's claims to be unexhausted,[1] and Jones elected to abandon his unexhausted claims and to proceed only on his exhausted claims.[2] I now deny Jones's petition, decline to issue him a certificate of appealability, and deny as moot respondents' motion to strike Jones's rogue filing.

**Background**

On January 21, 2009, Jones was indicted in Nevada's Eighth Judicial District Court on five counts of burglary, five counts of forgery, one count of attempted theft, four counts of theft, five counts of obtaining and using the personal identification information of another, two counts of grand larceny, two counts of obtaining property under false pretenses, and two counts of possession or sale of document or personal identifying information to establish false status or identity.[3] Jones moved to suppress the fruits of the allegedly illegal search of his wallet,[4] and the court denied the motion.[5] The court dismissed one charge of possession or sale of a document to establish false status or

---

[1] ECF No. 32.

[2] ECF No. 33.

[3] ECF No. 9-3.

[4] ECF No. 9-8.

[5] ECF No. 9-12.

identity. A jury convicted Jones on all remaining counts,[6] and the state-court judge sentenced Jones to 612–1,612 months in prison.[7] Jones's remaining claims are all for ineffective assistance of trial counsel.

## Discussion

### A.  Standard for habeas relief under 28 U.S.C. § 2254(d)

A federal court may not grant an application for a writ of habeas corpus on behalf of a person in state custody on any claim that was adjudicated on the merits in state court unless the state-court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.[8] In making this determination, federal courts look to the last reasoned state-court decision.[9] "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."[10] To the extent no reasoned opinion exists, courts must independently review the record to determine whether the state court clearly erred in its application of controlling federal law or whether the state court's decision was objectively unreasonable.[11]

---

[6] ECF No. 9-22, 24.

[7] ECF No. 9-31.

[8] 28 U.S.C. § 2254(d).

[9] *Smith v. Hedgpeth*, 706 F.3d 1099, 1102 (9th Cir. 2013), *cert. denied* 133 S.Ct. 1831 (2013).

[10] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

[11] *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000); *see also Harrington v. Richter*, 562 U.S. 86, 98 (2011) (holding that "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

**B.     Ineffective assistance of counsel under 28 U.S.C. § 2254(d)**

In *Strickland v. Washington*, the United States Supreme Court established a two-prong test for ineffective-assistance-of-counsel claims.[12]  A petitioner must show (1) that the defense attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant so severely that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[13]  If a state court has adjudicated a claim of ineffective assistance of counsel, federal habeas courts ask only "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[14]  Jones has not met his burden for any of his remaining claims.

   *1.     Ground one*

Jones claims that his trial counsel was ineffective for failing to object to the lack of a jury instruction, or to propose an instruction, on the definition of "personal information."[15]  The Nevada Supreme Court rejected this claim, reasoning that Jones failed to show that the instructions given were objectionable.  The court also found that Jones failed to suggest an appropriate definition of "personal identification information" and concluded that the words are "sufficiently definite that ordinary people using common sense could grasp the nature of the prohibited conduct."[16]

There is a reasonable argument that Jones's counsel satisfied *Strickland*.  Jones has not shown that the phrase "personal identification information" as used in the jury instructions was misleading or otherwise objectionable, and he does not propose a different instruction that his attorney should have requested.  Jones also has not shown that the outcome of his trial would have been different had his counsel not made these alleged errors.  I therefore find that Jones is not

---

[12] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[13] *Id.* at 694.

[14] *Harrington*, 562 U.S. at 105; *see also Cheney v. Washington*, 614 F.3d 987, 994–95 (9th Cir. 2010) (acknowledging double deference required for state court adjudications of *Strickland* claims).

[15] ECF No. 4 at 3.

[16] ECF No. 13-17 at 3.

entitled to federal habeas relief on this basis.

### 2.  *Grounds 4, 11, 22, and 27*

In these grounds, Jones claims that his trial counsel was ineffective for failing to challenge his allegedly illegal detention and the resulting search of his wallet.[17] Jones's counsel filed a pretrial motion to suppress the evidence seized from his wallet;[18] and the state court denied the motion.[19] On direct appeal, Jones asserted that the trial court erred by denying his suppression motion.[20] The Nevada Supreme Court affirmed the trial court's decision, reasoning that the testimony indicated that Jones consented to the search of his wallet and the state did not introduce the complained-of evidence at trial.[21] Jones also unsuccessfully raised this claim in his state habeas proceedings.[22]

There is easily a reasonable argument that Jones's counsel satisfied *Strickland*. The record reflects that Jones's trial counsel filed a pretrial motion to suppress the evidence obtained from the allegedly illegal search of Jones's wallet. And Jones does not allege with any specificity what else his counsel could have done to obtain a different result. Jones also has not shown prejudice because he does not identify any evidence seized from the search of his wallet that was introduced at trial. Jones has not shown that he is entitled to relief on these grounds.

### 3.  *Ground 6*

In ground six, Jones claims that his trial counsel was ineffective for failing to investigate or interview "James P. Carney of California."[23] Jones contends that there is another James P.

---

[17] ECF No. 4 at 9, 24, 46, 56.

[18] ECF No. 9-8.

[19] ECF No. 9-12.

[20] ECF No. 10-11 at 7–8.

[21] ECF No. 10-14 at 2–3.

[22] ECF No. 13–17 at 2–3.

[23] ECF No. 4 at 13.

Carney—besides the James P. Carney of Nevada who testified at Jones's trial that he was Jones's victim—who lives in California, has the same birth date as James P. Carney of Nevada, and "allowed [Jones] to use his personal information."[24]

The Nevada Supreme Court rejected this claim on appeal in Jones's state habeas action, reasoning that Jones "failed to establish that James P. Carney of California's testimony would have been favorable, or that he even existed."[25] Jones's counsel was not constitutionally deficient for failing to interview James P. Carney of California. Jones has never shown that there even is a James P. Carney of California, let alone that his testimony would have been favorable to his defense. Jones is not entitled to federal habeas relief for his counsel's alleged failure to track down this purported witness.

**C.    I decline to issue a certificate of appealability.**

To obtain a certificate of appealability, a petitioner must make "a substantial showing of a denial of a constitutional right"[26] by showing that "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong."[27] To meet this threshold, the petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further.[28] Because no reasonable jurist would find my conclusion that Jones has failed to show that his counsel was constitutionally ineffective debatable or wrong, I decline to issue Jones a certificate of appealability.

---

[24] *Id.*

[25] ECF No. 13-17 at 4.

[26] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

[27] *Slack*, 529 U.S. at 484.

[28] *Id.*

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Jones's petition for writ of habeas corpus [ECF No. 4] is DENIED, and I decline to issue a certificate of appealability.**

IT IS FURTHER ORDERED that **respondents' motion to strike [ECF No. 49] is DENIED** as moot.

The Clerk of Court is instructed to enter judgment accordingly and CLOSE THIS CASE.

Dated this 5th day of August, 2016.

_____
Jennifer A. Dorsey
United States District Judge